**Dated: December 4, 2018**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
JASON KENT TWYFORD                            Case No. 18-80505-TRC
                                                                     Chapter 7

                       Debtor.

AMERICAN NATION BANK

                       Plaintiff,

vs.                                                                       Adv. No. 18-8015-TRC

JASON KENT TWYFORD,

                       Defendant.

## ORDER DENYING MOTION TO DISMISS

       Before the Court is Defendant Jason Kent Twyford's Partial Motion to Dismiss with prejudice for failure to state a claim as to American Nation Bank's claims under 11 U.S.C. §§ 523(a)(6) and 727(a)(2) (Docket Entry 11). This Court held a hearing on Twyford's Motion and Bank's objections on November 14, 2018 and took the matter under advisement. After

review, this Court finds that the motion should be denied.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure, focuses on the complaint itself. The court's job is not to weigh potential evidence but to determine whether plaintiff's complaint alone is legally sufficient, and states a claim that is plausible on its face. *Williams v. Taylor*, 561 Fed. Appx. 695 (10th Cir. 2014) (citations omitted). The court must presume all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff. *Id.* Granting a motion to dismiss is a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Durran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)(citation omitted).

Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which simply requires "a short and plain statement of the claim to show that the pleader is entitled to relief." A court is not bound to accept as true "a legal conclusion couched as a factual allegation."[1] Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable. A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct.

Twyford argues that Bank's Complaint fails to include sufficient allegations that Bank suffered injury due to Twyford's conduct, and fails to adequately detail malice and intent to injure. Bank responds that a claim under § 523(a)(6) includes acts of conversion of a secured

---

[1]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A 12(b)(6) motion challenges the legal sufficiency of the complaint. The purpose of pleading standards set forth in *Twombly* and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), is to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, and also to inform the defendants of the actual grounds of the claim against them.

creditor's collateral. The Complaint states that Twyford improperly disposed of Bank's collateral, leaving Bank without its security, and that Twyford failed to pay Bank what he promised to pay. Assuming these to be true, the Court understands these to have resulted in injury to Bank. These are sufficient allegations that Twyford caused injury to Bank.

Bank's allegations when taken as true indicate a plausible claim of conversion by Twyford, which is encompassed under § 523(a)(6). The Court is able to draw a reasonable inference that Twyford is liable for the alleged injury and misconduct because he is alleged to have sold or disposed of the Bank's collateral without Bank's permission and without paying Bank. Intent to injure and malice are difficult to prove because a defendant rarely admits these elements. Intent must be inferred from conduct. At this stage, the Court believes that Bank's allegations raise a plausible claim. Should Twyford have a legitimate personal or business justification, he may offer evidence of that. But on a motion to dismiss, the Court defers to Bank's allegations, not Twyford's. The Court fully expects that Twyford will offer a defense and evidence to counter the allegations against him.

Bank's allegations when taken as true also indicate a plausible claim under § 727(a)(2). The allegations are that Twyford borrowed money and pledged collateral to secure payment of his debt. However, as alleged in the Complaint, he did not possess the collateral nor had he paid the debt when he filed bankruptcy. Bank alleges that he transferred and disposed of Bank's collateral without permission and without remitting proceeds. Information regarding the exact timing of these transfers may be unknown to Bank. Timing of the transfers would be within Twyford's knowledge, not Bank's, and details of such transfers and Twyford's actions and intent may be investigated during discovery. Bank has alleged that Twyford executed promissory notes and security agreements to Bank that were renewed and in existence within the year preceding

filing bankruptcy at which time he pledged collateral that he owned and possessed. However, at some time after he filed bankruptcy, Bank discovered that Twyford did not possess the collateral nor had he remitted any funds received to Bank. Intent to defraud may be inferred from the circumstances. Thus, the Court believes that Bank's allegations are sufficient to put Twyford on notice of its claims and show more than a mere speculative entitlement to relief.

After review of the Complaint, the Court finds that it sets forth sufficient detail to put Twyford on notice of the actual grounds of the claims against him, and sets forth plausible claims. *See In re Expert S. Tulsa, LLC*, 522 B.R. 634 (B.A.P. 10th Cir. 2014). The Complaint contains more than mere threadbare recitals of facts, when taken as true, set forth its claims. The Court finds that it is plausible and not merely possible that Bank is entitled to relief under the cited laws. *See Christy Sports, LLC v. Deer Valley Resort Co. LTD.,* 555 F.3d 1188 (10th Cir. 2009).

IT IS THEREFORE ORDERED that Defendant Twyford's Motion to Dismiss (Docket Entry 11) is **denied.**

###