**Dated: December 4, 2018**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
JASON KENT TWYFORD            Case No. 18-80505-TRC
           Chapter 7

       Debtor.

AMERICAN NATION BANK

       Plaintiff,

vs.            Adv. No. 18-8015-TRC

JASON KENT TWYFORD,

       Defendant.

### ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendant Jason Kent Twyford's Motion for More Definite Statement (Docket Entry 14) as to Plaintiff's claims based on 11 U.S.C. § 727(a)(5). This Court held a hearing on Defendant's Motion and Plaintiff's objections on November 14, 2018 and took the matter under advisement. After review, this Court finds that the motion should be denied.

As Twyford acknowledges in his supporting Memorandum, Rule 12(e) motions are highly disfavored since the overall scheme of federal pleading rules allows for relatively skeletal pleadings. Generally, eliciting factual details should come through the discovery process. 2 Moore's Federal Practice - Civil § 12.36[1] (2018). The test for determining whether such relief should be granted is whether the pleading is unintelligible, not whether it lacks detail. 10 Collier on Bankruptcy P 7012.09 (16th ed. 2018). Only if the pleading is so uninformative that a defendant cannot intelligently respond should a court grant a motion under Rule 12(e). Courts should be reluctant to grant such motions as a substitute for discovery or to obtain plaintiff's evidence. *See Potts v. Howard Univ.*, 269 F.R.D. 40, 42-43 (D.D.C. 2010).

Bank's Complaint sets forth the transactions between the parties, the causes of action and relief requested. It describes the promissory notes and security agreements and lists the specific items of collateral pledged by Twyford. It is not unintelligible. Twyford's motions to dismiss and for more definite statement demonstrate that he understands the nature of Bank's claims against him. He wants to know why the explanations he offered are not acceptable to Bank, and why it filed this adversary case after he offered what he believes to be credible evidence. His requests here are akin to a discovery request which is an improper use of a 12(e) motion. The Bank filed this case after his 2004 exam, and its Complaint includes a short, plain statement of its claims, including the dates and details of the relevant transactions. Twyford has sufficient notice and should have the information to intelligently respond to the Complaint.

IT IS THEREFORE ORDERED that Defendant's Motion for More Definite Statement (Docket Entry 14) is **denied.**

###